HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PIERCE COUNTY, | CASE NO. C15-5405RBL |
| Plaintiff, | ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |
| v. | |
| NANCY J. FLAKE, *et al.*, | [Dkt. #17] |
| Defendants. | |

THIS MATTER is before the Court on the United States' Motion for Summary Judgment [Dkt. #17]. Plaintiff Pierce County foreclosed on Defendant Guy Flake's Lake Tapps, Washington home, and interplead the remaining proceeds, $161,904, into this Court. The case involves competing claims to the interplead funds by two of the defendants, the United States and Flake's wife, Jennifer[1]. Defendant Flake has not appeared, and Pierce County has been dismissed.

---

[1] For clarity, this Order refers to Jennifer by her first name. No disrespect is intended.

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT - 1

The United States claims it is entitled to the funds as a matter of law, in partial satisfaction of Flake's federal tax obligations for the 1997, 1998, 1999, and 2004 tax years. The government filed tax liens on Flake's home for those years in 2010 and 2011.

Jennifer claims that she married Flake and obtained a community property interest in the home in 2005, before the liens were filed. On July 28, 2014 (after Pierce County commenced foreclosure) Flake quitclaimed his interest to himself and Jennifer, and recorded the deed. Indeed, she claims her interest may have started even earlier, relying on a letter Flake sent her in December 2003:

> YOU'VE PUT SO MUCH TIME AND MONEY INTO OUR HOMES AND YET YOU HAVE NOTHING TO SUPPORT OUR DEAL THAT THESE HOUSES ARE YOURS ALSO. ONCE WE'RE MARRIED, ALL MY PROPERTIES AND POSSESSIONS ARE YOURS BUT UNTILL THAT HAPPENS I'M OFFICIALLY STATING IN WRITING THAT THE PROPERTIES AT 5514 185TH AVE CT E. AND 3320 DEER ISLAND DR - BOTH IN SUMNER WA BELONG TO BOTH OF US.

[Dkt. #19-1 at 6]. She claims that questions of fact preclude summary judgment.

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether

the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. At 251-52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party must then show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323-24.

The United States argues that its tax liens are valid, and that they pre-date Jennifer's interest in the property; her interest, it claims, did not arise until the quit claim deed was recorded. It argues that neither the letter nor the fact of marriage made the home community property, as a matter of law:

> In Washington State, the character of property as separate or community property is determined at the date of acquisition of the property. *In re Estate of Borghi*, 167 Wash.2d 480, 484, 219 P.3d 932, 935 (2009), *as corrected* (Mar. 3, 2010). Once the separate character of property is established, a presumption arises that it remained separate property in the absence of clear and convincing evidence to show an intent to transmute the property from separate to community property. *Id.,* at 484 & n. 4*; Guye v. Guye*, 63 Wash. 340, 352, 115 P. 731, 735 (1911).

[Dkt. #20 at 3]. In order to "transmutate" separate property to community property, an acknowledged writing sufficient to transfer an interest in real estate (a deed) is required. *See* RCW §64.04.010, .020. It argues that because the letter was not acknowledged in accordance with this scheme—and because the marriage alone does not alter the character of the property— the home remained separate property until Flake legally and effectively transferred an interest in

it in 2014, much too late to give her an interest superior to the tax liens. It also argues[2] that the letter does not satisfy the requirements of a community property agreement (RCW §226.16.120) because Jennifer did not sign it, and it was not witnessed, acknowledged, or certified as a real property deed. It claims the letter did not convey any interest, and did not convert the home from separate property to community property as a matter of law.

Jennifer argues[3] there are questions of fact about when her interest in the property arose. She claims it presumptively arose when she was married, in February 2005, and that the letter demonstrates that that was the parties' intent. She concedes that the letter was not acknowledged, but argues that she and Flake both intended and expected that the property was marital or community property from the date of the marriage. She claims to "understand" that the rule in Washington is that property owned by the couple is marital property, and that one claiming that the property is instead separate property must "prove" that fact to "change the law's default assumption."

But the law's "default assumption" is that separate property remains separate unless and until that presumption is overcome, in the ways the government articulates in its filings, and which are discussed above.

There are not questions of fact about the critical events in this case, or about their legal effect. Whatever Flake and Jennifer intended or expected, they did not adequately transmute

---

[2] The United States also argues that the fact one spouse contributes her separate property to an increase in value of the property may give her the right to *reimbursement* against the other spouse, but the utility payments relied upon by Jennifer do not even give rise to a reimbursement claim.

[3] Jennifer also relies on the Internal Revenue Manual (IRM) but as the government points out, the section quoted relates to community property, not separate property, and the IRM is not binding in any event. Similarly unpersuasive is Jennifer's reliance on statements she claims an IRS agent made to her.

Flake's separate property interest in the home to a community property interest until 2014. By that time, the liens had attached, and they are superior to Jennifer's interest in the property as a matter of law.

The United States' Motion is GRANTED and it is entitled to the interplead proceeds as a matter of law. The Clerk shall disburse the interplead funds from the Court's registry in the following manner, and close the case:

> Check made payable to "United States Department of Justice," in the amount of $161,904, with a notation for "Flake, Case No. 3:15-cv-05405-RBL," and payment may be sent by US Mail to:
>
> **William E. Thompson**
> Tax FLU, Office of Review
> P.O. Box 310
> Ben Franklin Station
> Washington, DC 20044-0310

Jennifer Flake's cross motion for summary judgment (made in her response, Dkt. #19) is DENIED. The parties' stipulated motion to continue the trial date [Dkt. #23] is DENIED as moot.

IT IS SO ORDERED.

Dated this 11th day of April, 2017.

Ronald B. Leighton
United States District Judge